ENRIQUE HERNÁNDEZ-ACOSTA, Petitioner, *v.* FIRST DISTRICT COURT OF SAN JUAN, JUDGE CHARLES E. FOOTE, Respondent.

No. 487. Argued May 26, 1925.—Decided August 1, 1925.

1. ATTACHMENT—INTERVENTION.—An intervenor may base his claim either on his ownership of the property attached or on his right to be paid his credit in preference to the creditor in the main action.

2. ID.—ID.—If at the time of filing a complaint in intervention claiming the proceeds of an auction sale said to belong exclusively to the intervenor because he had a legal preference as against the judgment creditor the sale has already been made to the judgment creditor in payment of his credit, the intervenor's claim serves no practical purpose.

First District Court of San Juan, Charles E. Foote, J.   Petition for a writ of certiorari to review order dismissing intervenor's complaint.   *Writ discharged.*

*R. Castro Fernández* for the petitioner.   *Adrián Agosto* for the respondent.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Rodríguez Trelles Brothers brought an action of debt against Albert Gibbs. Personal property of the defendant was attached to secure the effectiveness of the judgment.

Later Enrique Hernández Acosta, basing his right to intervene on the Act of March 14, 1907, as amended on March 12, 1908 (Comp. 1911, page 854), filed a complaint claiming an exclusive right to the proceeds of the sale on the ground that he had legal preference as against Rodríguez Trelles Brothers.

The complaint was demurred to on the ground that it did not state a cause of action and the lower court sustained the demurrer, saying:

"We have carefully considered the demurrer for lack of cause of action and find that it is well founded. Intervention is not the proper proceeding to determine the preference of credits on property that has been attached and sold under execution by one of the creditors. The purpose of the Act that established said proceeding is to protect the owner of property that had been attached as belonging to another person. The only thing to be settled in that proceeding is whether the property attached belongs to the intervenor or to the defendant in the principal action. The ordinary proceeding should be followed to settle any other controversy."

This certiorari proceeding was brought to review the ruling of the lower court, it being alleged that the court erred in dismissing the complaint in intervention for the reason given.

[1] Intervention may be based either on the ownership of the property attached as belonging to the debtor, or on the intervenor's right to be paid his credit in preference to the creditors in the main action.

As regards the first two special proceedings exist, one for personal property, Act of March 14, 1907, *supra,* and another for real property authorized by the same Act in section 16 (*a*) added by the Act of March 12, 1908, Comp. 1911, page 855. And as regards intervention on the second ground the law does not prescribe any special proceeding, but jurisprudence has recognized that right repeatedly. In the case of *Heirs of Garriga* v. *O'Meara & Co.,* 28 P.R. R. 332, which involved intervention claiming a better right, the question was raised and the appellant sought to limit the application of sections 1833 and 1827 of the Revised Civil Code to bankruptcy cases and to exclude their application to attachments, and the court said:

"We believe that in enacting the rules of the Civil Code governing the concurrence and preference of credits the legislators had in mind the proceedings for composition and meeting of creditors. There is no doubt that at this time the federal court has exclusive jurisdiction of bankruptcy matters. Nevertheless, it is also true that many of the provisions of Title 17, Book 4, of the Civil Code are rules of law of general application to cases like the present which is not a bankruptcy case, but a case in which a controversy has arisen between two citizens regarding preference in the collection of their claims out of certain properties of a common debtor."

[2] As a matter of fact we will say that in the case before us the intervention was proceeded with as though the ownership of the attached property was being discussed by the petitioner. The oath was taken and security was given to the marshal to obtain possession of the said property, which possession was not obtained, and when the complaint was filed the property had been sold at auction and delivered to the judgment creditor. In this way payment had been made to Rodríguez Trelles Brothers and the execution of the judgment rendered in their favor had been satisfied.

If petitioner Hernández Acosta really had a better right to collect his credit in preference to the judgment creditor in the main suit, he had lost it by his tardiness because he did not follow the proper proceeding either by intervening under the general provision of section 72 of the Code of Civil Procedure, or by bringing an ordinary suit in due time, that is, before payment had been made to the judgment creditor, inasmuch as payment should be considered as made when the amount of the judgment or the proceeds of the property sold has been received, and in the case of an award of the property in payment, when the property has been delivered. And this latter method of payment, having been used in this case, the petitioner's claim served no practical purpose.

For the foregoing reasons the writ should be discharged.